UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   14-41720 |
| RICHARD HANK | ) | |
| JOAN HANK | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| Debtor(s) | ) | |

## ORDER CONFIRMING DEBTORS' THIRD AMENDED
## PLAN OF REORGANIZATION

AT CHICAGO, Illinois in said Division and District before the Honorable Timothy A. Barnes, Bankruptcy Judge, this 16th day of December, 2015;

THIS MATTER COMING TO BE HEARD upon the hearing on confirmation of the Debtors' Second Amended Plan of Reorganization filed by Richard Hank and Joan Hank, Debtors/Debtors-in-Possession herein ("Debtors"); proper notice having been provided as required by Rule 2002(b) of the Federal Rules of Bankruptcy Procedure; the Debtors having filed a Report of Balloting pursuant to Local Bankruptcy Rule 3018-1; Classes 1, 2A, 2B, 3, 4G, 4,H, 5A, 5B, 5C, 5D, 5E, 5F, 5G, 5H, 5I, 6A, 6B, 6C, 8A, 9C, 10, 11, 12, 13A, 13B, 14, 15, 16, 17, 18 and 19 having accepted the Plan as required by Sections 1126 and 1129(a)(7)(A)(i) of the Bankruptcy Code; this Court having determined that the modifications made to the Second Amended Plan of Reorganization Plan, which have been incorporated into the Third Amended Plan of Reorganization ("Plan") do not require further notice to creditors and other parties in interest; this Court having heard and considered the statements of Counsel on behalf of the Debtor relating to the confirmation of the Plan and the proffered testimony of one of the Debtors, Richard Hank; this Court finding that the requirements of Section 1129(a) of the Bankruptcy Code with respect to confirmation of the Plan have been satisfied, except for Sub-Section 1129(a)(8) with respect to Classes  4A, 4B, 4C, 4D, 4E, 4F, 7A, 7B, 7C, 7D, 7E, 7F, 7G, 7H, 7I, 8B, 9A, 9B, 9D, 9E, 9F, 9G, and 9H; and that the Plan satisfies the requirements of Section 1129(b)(2)(A) of the Bankruptcy Code with respect to the secured claims held in Classes 4A, 4B, 4C, 4D, 4E, 4F, 7A, 7B, 7C, 7D, 7E, 7F, 7G, 7H, 7I, 8B, 9A, 9B, 9D, 9E, 9F, 9G, and 9H, and that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that is impaired under, and has not accepted the Plan, as provided by Section 1129(b)(1) of the Bankruptcy Code; and this Court being fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

A. The Plan, a copy of which is attached to this Order, is confirmed;

B. Any objections are overruled;

C. The Plan is amended to reflect that the Debtors shall receive their discharge after the completion of payments to Class 18 unsecured creditors under the Plan;  and

D. This case is set for a post-confirmation status on February 23, 2016 at 10:30 a.m.

Enter:

KM

United States Bankruptcy Judge

Dated:   2 2 DEC 2015

**Prepared by:**
DEBTORS' COUNSEL:
Eugene Crane (Atty. No. 0537039)
Arthur G. Simon (Atty. No. 03124481)
Jeffrey C. Dan (Atty. No. 06242750)
Brian P. Welch (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114
W:\Jeff\Hank\Confirmation Order #2.wpd

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 14-41720 |
| Richard Hank and Joan Hank, | ) | Chapter 11 |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| Debtors/Debtors-in-Possession. | ) | |

## DEBTORS' THIRD AMENDED PLAN OF REORGANIZATION

**DEBTORS' COUNSEL**:
Eugene Crane (Atty. No. 0537039)
Arthur G. Simon (Atty. No. 03124481)
Jeffrey C. Dan (Atty. No. 06242750)
Brian P. Welch (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114

-1-

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )    Case No. 14-41720
Richard Hank and Joan Hank,               )    Chapter 11
                                          )    Honorable Timothy A. Barnes
                                          )
        Debtors/Debtors-in-Possession.    )

## DEBTORS' THIRD AMENDED PLAN OF REORGANIZATION

Richard Hank and Joan Hank, Debtors/Debtors-in-Possession herein ("Debtors"), by and

through their Attorneys, propose the following Third Amended Plan of Reorganization ("Plan")

in accordance with Section 1121(a) of the Bankruptcy Code.

## PREAMBLE

On November 19, 2014 (the "Petition Date"), an order for relief was entered in the above-

captioned bankruptcy case pursuant to a voluntary petition for relief under Chapter 11 of the

United States Bankruptcy Code. Since the Petition Date, the Debtors have operated their

business and managed their financial affairs as Debtors-in-Possession. No trustee, examiner or

committee of unsecured creditors has been appointed to serve in this Chapter 11 Case.

The Plan is filed within the exclusive periods established under Sections 1121(b) and

1121(d) of the Bankruptcy Code and the prior Orders of the Bankruptcy Court. The Debtors are

the proponents of the Plan. The Plan provides for distributions to the holders of Allowed Claims

from funds realized from continued operation of the Debtors' business as well as from existing

cash deposits and cash resources of the Debtors and the sale of real property by the Debtors. To

the extent necessary, certain payments to secured creditors as required by the Plan may be paid

-2-

from the proceeds of the refinancing of the underlying mortgage indebtedness. For a further

discussion of the Plan, the reader's attention is directed to the Disclosure Statement filed by the

Debtors in connection with this Plan.

## ARTICLE I

## DEFINITIONS

The following terms, when used herein, shall have the meaning specified below, unless

the context otherwise requires:

**1.1** **Administrative Expense:** A cost or expense of administration of this Chapter

11 case, including any actual, necessary expense of preserving or liquidating the estate, or of

operating the business of the Debtors and all allowances approved by the Bankruptcy Court in

accordance with Section 503 of the Bankruptcy Code.

**1.2** **Allowed Claim:** A "Claim" (as defined below) (i) proof of which has been filed

with the Bankruptcy Court within the time fixed by the Bankruptcy Court or applicable rules or

statutes, and with respect to which no objection has been timely filed by any party in interest, or

(ii) that has been, or hereafter is, listed by the Debtors as liquidated in amount and not disputed

or contingent in the Debtors' bankruptcy schedules filed in this Chapter 11 case, or (iii) that has

been allowed by a "Final Order" (as defined below) by the Bankruptcy Court, or (iv) that is

allowed by the provisions of this Plan.

**1.3** **Bankruptcy Code:** Title 11 of the United States Code, Section 101 *et seq.*, as

amended.

**1.4** **Bankruptcy Court:** The United States Bankruptcy Court for the Northern

-3-

District of Illinois, Eastern Division.

**1.5    Bankruptcy Rules:** The Federal Rules of Bankruptcy Procedure.

**1.6    Chapter 11:** Chapter 11 of the Bankruptcy Code.

**1.7    Claim:** The term "Claim" shall have the meaning set forth in Section 101(5) of the Bankruptcy Code.

**1.8    Confirmation:** The entry by the Bankruptcy Court of a Final Order confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

**1.9    Debtors:** Richard Hank and Joan Hank.

**1.10    Debtors' Estate:** All of the Debtors' "property of the estate" as defined in Section 541 of the Bankruptcy Code.

**1.11    Debtors-in-Possession:** Richard Hank and Joan Hank.

**1.12    Effective Date:** Thirty (30) days following the date on which the Order confirming this Plan becomes a Final Order.

**1.13    Final Confirmation Order:** Final Order confirming the Plan under Section 1129 of the Bankruptcy Code.

**1.14    Final Order:** (i) An order or a judgment that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek reargument, reconsideration or rehearing has expired and has not been extended and as to which no appeal, petition for certiorari, reargument, reconsideration or rehearing is pending, or (ii) an order or a judgment for which an appeal, reargument, reconsideration, rehearing or certiorari has been sought, and as to which the order or judgment has been affirmed or the request for reargument, reconsideration, rehearing or certiorari has been denied, and the time to take any further appeal, reargument,

-4-

reconsideration, rehearing or certiorari has expired, so that in the event of either (i) or (ii), such

order or judgment shall have become final and non-appealable in accordance with applicable law.

**1.15    Month:** A calendar month, including the month in which a date or event occurs.

**1.16    Plan:** This Plan of Reorganization including any amendments or

modifications thereto.

**1.17    Pro-rata:** With respect to any distribution on account of any Claim or

matter, in the same proportion as the amount of such Claim or matter bears to the aggregate

amount of all Claims or matters of its class.

**1.18    Reorganized Debtors**: Richard Hank and Joan Hank.

**1.19    Unclassified Claims**: Claims of the kind specified in Sections 507(a)(2),

507(a)(3) and 507(a)(8) of the Bankruptcy Code, which Claims shall not be classified pursuant to

Section 1123(a)(1) of the Bankruptcy Code.

Unless otherwise defined in this Plan, the words and phrases used herein shall have the

meanings ascribed to them in the Bankruptcy Code and in the Bankruptcy Rules.


## ARTICLE II

## UNCLASSIFIED CLAIMS

The following Unclassified Claims exist under the Plan pursuant to Section 1123(a)(1) of

the Bankruptcy Code:

**2.1  Administrative Claims:**  Administrative Claims shall consist of Allowed Claims

for Administrative Expenses as well as claims arising under Sections 507(a)(2) and 507(a)(3) of

the Bankruptcy Code.[1]

     **2.2    Tax Claims:** The Allowed Claims, if any, of the Internal Revenue Service ("IRS"), the Illinois Department of Revenue ("IDR") and any other federal, state or local taxing authority which are entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

## ARTICLE III

## CLASSIFICATION OF CLAIMS[2]

    **3.1  Class 1:**  The Allowed Secured Claim of Indymac ("Indymac").

    **3.2  Class 2A:**  The Allowed Secured Claim of CFS-4 IV LLC.

    **3.3  Class 2B:**  The Allowed Secured Claim of CFS-4 IV LLC .

    **3.4  Class 3:**  The Allowed Secured Claim of Specialized Loan Servicing ("SLS").

    **3.5  Class 4A:**  The Allowed Secured Claim of Ocwen Loan Servicing LLC ("Ocwen").

    **3.6  Class 4B:**  The Allowed Secured Claim of Ocwen.

    **3.7  Class 4C:**  The Allowed Secured Claim of Ocwen.

    **3.8  Class 4D:**  The Allowed Secured Claim of Ocwen.

    **3.9  Class 4E:**  The Allowed Secured Claim of Ocwen.

    **3.10  Class 4F:**  The Allowed Secured Claim of Ocwen.

    **3.11  Class 4G:**  The Allowed Secured Claim of Ocwen.

    **3.12  Class 4H:**  The Allowed Secured Claim of Ocwen.

---

[1] Since the Debtor's Chapter 11 case was commenced as a voluntary proceeding, no claims under Sections 507(a)(3) and 502(f) of the Bankruptcy Code exist.

[2] No claims of the types specified in Sections 507(a)(1) and 507(a)(4) through 507(a)(6) of the Bankruptcy Code exist in this Chapter 11 case.

**3.13  Class 5A:** The Allowed Secured Claim of Select Portfolio Servicing Inc. ("SPS").

**3.14  Class 5B:** The Allowed Secured Claim of SPS.

**3.15  Class 5C:** The Allowed Secured Claim of SPS.

**3.16  Class 5D:** The Allowed Secured Claim of SPS.

**3.17  Class 5E:** The Allowed Secured Claim of SPS.

**3.18  Class 5F:** The Allowed Secured Claim of SPS.

**3.19  Class 5G:** The Allowed Secured Claim of SPS.

**3.20  Class 5H:** The Allowed Secured Claim of SPS.

**3.21  Class 5I:** The Allowed Secured Claim of SPS.

**3.22  Class 6A:** The Allowed Secured Claim of Eastern Savings Bank ("Eastern").

**3.23  Class 6B:** The Allowed Secured Claim of Eastern.

**3.24  Class 6C:** The Allowed Secured Claim of Eastern.

**3.25  Class 7A:** The Allowed Secured Claim of American Servicing Company ("ASC").

**3.26  Class 7B:** The Allowed Secured Claim of ASC.

**3.27  Class 7C:** The Allowed Secured Claim of ASC.

**3.28  Class 7D:** The Allowed Secured Claim of ASC.

**3.29  Class 7E:** The Allowed Secured Claim of ASC.

**3.30  Class 7F:** The Allowed Secured Claim of ASC.

**3.31  Class 7G:** The Allowed Secured Claim of ASC.

**3.32  Class 7H:** The Allowed Secured Claim of ASC.

**3.33  Class 7I:** The Allowed Secured Claim of ASC.

**3.34  Class 8A:** The Allowed Secured Claim of Nationstar Mortgage ("Nationstar").

**3.35  Class 8B:** The Allowed Secured Claim of Nationstar.

**3.36  Class 9A:** The Allowed Secured Claim of JP Morgan Chase Bank NA ("Chase").

**3.37  Class 9B:** The Allowed Secured Claim of Chase.

**3.38  Class 9C:** The Allowed Secured Claim of Chase.

**3.39  Class 9D:** The Allowed Secured Claim of Chase.

**3.40  Class 9E:** The Allowed Secured Claim of Chase.

**3.41  Class 9F:** The Allowed Secured Claim of Chase.

**3.42  Class 9G:** The Allowed Secured Claim of Chase.

**3.43  Class 9H:** The Allowed Secured Claim of Chase.

**3.44  Class 9I:** The Allowed Secured Claim of Chase.

**3.45  Class 10:** The Allowed Secured Claim of Wells Fargo.

**3.46  Class 11:** The Allowed Secured Claim of Bayview Loan Servicing ("Bayview").

**3.47  Class 12:** The Allowed Secured Claim of Fay Servicing ("Fay").

**3.48  Class 13A:** The Allowed Secured Claim of Green Tree Servicing LLC ("Green Tree").

**3.49  Class 13B:** The Allowed Secured Claim of Green Tree.

**3.50  Class 14:** The Allowed Secured Claims of real estate taxing authorities regarding properties the Debtors are selling or providing deeds in lieu to secured creditors.

**3.51  Class 15:** The Allowed Secured Claims of real estate taxing authorities regarding properties the Debtors are retaining.

**3.52  Class 16:** The Allowed unsecured Claims of tenants of the Debtors.

**3.53  Class 17:** The Allowed Claims of homeowners associations.

-8-

**3.54  Class 18:** The Allowed Claims of general unsecured creditors.

**3.55  Class 19:** The Allowed Claim of the BJ Hank Trust 1.

## ARTICLE IV

## PAYMENT OF UNCLASSIFIED CLAIMS UNDER THE PLAN

Under the terms of the Plan, Unclassified Claims are unimpaired and shall be paid as follows:

**4.1  Administrative Claims:**  Except as expressly provided herein and except as may be agreed to by the holder of each Allowed Administrative Claim, holders of Allowed Administrative Claims shall be paid on the Effective Date in cash in accordance with Section 1129(a)(9)(A) of the Bankruptcy Code as follows, unless the holder of an Administrative Claim agrees to a different treatment:

> Each holder of an Allowed Administrative Claim of the kinds specified in Section 507(a)(2) of the Bankruptcy Code will receive on account of such Claim, cash equal to the allowed amount of such Claim, on the Effective Date except that post-petition trade creditors of the Debtors will be paid according to the terms under which the debt was incurred; and provided, however, that all Administrative Claims with respect to the payment of any professional person shall remain subject to and be paid in accordance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules and the Final Order of the Bankruptcy Court.

**4.2  Tax Claims:** The Allowed Tax Claims of the IRS and IDR shall be paid in full, inclusive of allowed interest as provided by applicable federal or state statutes, in equal installment payments over a five (5) year period that is no later than five (5) years after the filing dates of these bankruptcy cases, unless the holder thereof agrees to a different treatment.  The payments will be made on a quarterly basis commencing on the first day of the quarter following

-9-

the Effective Date and each quarter thereafter.

This treatment of Allowed Tax Claims is intended to comply with the requirements of Section 1129(a)(9)(C) of the Bankruptcy Code.

## ARTICLE V

## TREATMENT OF INTERESTS NOT
## IMPAIRED UNDER THE PLAN

Under the terms of the Plan, the Allowed Class 14, 15, 16 and 17 Claims are not impaired.

5.1    **Class 14:** Real Estate taxing authorities in Illinois and Florida that hold liens and claims against properties of the Debtors in which Treatment A, Treatment B or Treatment C are applicable are the holders of the Allowed Class 14 Claims.  In full satisfaction, settlement, release, and discharge of and in exchange for each and every Class 14 Allowed Real Estate Tax Claim, each holder of an Allowed Class 14 Claim shall receive and/or retain its lien on the real property owned by the Debtors, with the same validity, enforceability, perfection and priority as it had on the Petition Date and as may have been acquired during the course of this Chapter 11 case pursuant to Orders entered by the Bankruptcy Court.  The liens will either be paid out of the closing of the sale of the property or if the property is not sold, the liens will remain with the property after the deed in lieu is executed and the property is transferred to the secured creditor. Any personal claims against the Debtors will be deemed satisfied upon the sale or transfer of the property by deed in lieu.

5.2    **Class 15:** Real Estate taxing authorities in Illinois and Florida that hold liens and

-10-

claims against properties of the Debtors which the Debtors are retaining are the holders of the Allowed Class 15 Claims. In full satisfaction, settlement, release, and discharge of an in exchange for each and every Class 15 Allowed Real Estate Tax Claim, each holder of an Allowed Class 15 Claim shall receive and/or retain its liens on the real property owned by the Debtors, with the same validity, enforceability, perfection and priority as it had on the Petition Date and as may have been acquired during the course of this Chapter 11 case pursuant to Orders entered by the Bankruptcy Court, until the Allowed Class 15 Claims are paid. The payment of the entire unpaid balance of the Allowed Class 15 Claims, shall be paid, including interest and penalties, in quarterly payments over a five (5) year period that is no later than five (5) years after the Petition Date, as funds are available, unless the holder thereof agrees to a different treatment. The payments under the Plan on any Allowed Class 15 Claims will be made on a quarterly basis commencing on the first day of the calendar quarter following the Effective Date and on the first day of each quarter thereafter.

This treatment of Allowed Real Estate Tax Claims is intended to comply with the requirements of Section 1129(a)(9)(C) of the Bankruptcy Code.

**5.3    Class 16**: Tenants of the Debtors that have security deposits are the holders of Allowed Class 16 Claims. In full satisfaction, settlement, release, and discharge of and in exchange for each and every Allowed Claim in Class 16, each holder of an Allowed Security Deposit Claim shall be paid as required subject to the terms of the underlying lease between the Debtors and the Class 16 Claim holder. The Debtors shall timely perform all obligations due from them under the terms of the underlying leases.

**5.4    Class 17**: Homeowner Associations are the holders of Allowed Class 17 Claims.

-11-

Allowed Class 17 Claims of Homeowner Associations relate to the properties of the Debtors

which will receive either Treatment A, Treatment B or Treatment C and the properties will be

sold or deeded to the mortgage holders for the respective property. In full satisfaction,

settlement, release, and discharge of and in exchange for each and every Class 17 Allowed

Claim, each holder of an Allowed Class 17 Claim shall receive and/or retain its lien on the real

property owned by the Debtors, with the same validity, enforceability, perfection and priority as

it had on the Petition Date and as may have been acquired during the course of this Chapter 11

case pursuant to Orders entered by the Bankruptcy Court. The liens and claims will either be

paid out of the closing of the sale of the property or if the property is not sold, the liens will

remain with the property after the deed in lieu is executed and the property is transferred to the

secured creditor. Any personal claims against the Debtors will be deemed satisfied upon the sale

or transfer of the property by deed in lieu.

## ARTICLE VI

### TREATMENT OF CLAIMS
### IMPAIRED UNDER THE PLAN

Under the terms of the Plan, Allowed Claims in Classes 1, 2A-B, 3, 4A-H, 5A-J, 6A-C,

7A-I, 8A-B, 9A-H, 10, 11, 12, 13A-B, 18 and 19 are impaired. As a result of such impairment,

the holders of Allowed Claims in Classes 1, 2A-B, 3, 4A-H, 5A-J, 6A-C, 7A-I, 8A-B, 9A-H, 10,

11, 12, 13A-B, 18 and 19 may have the right to vote on the Plan.

There are different treatments of the creditors in this Plan. Some of the classes will fall

into one of the following treatments:

**Treatment A:** The treatment of Allowed Claims under Treatment A is to be identical to that provided for in the Sale Procedure Order ("Sale Order") entered by this Court on or about April 17, 2015. Pursuant to Treatment A, the creditor will retain the liens and security interests, if any, it had against the Debtors' property as of the Petition Date. Furthermore, the creditor shall also retain any liens and security interests it acquired against the Debtors' property during the course of this Chapter 11 case pursuant to Orders entered by the Bankruptcy Court.

Pursuant to the Sale Order, the property in which the creditor claims a lien, shall be sold. The net proceeds from the sale, after payment of closing costs, including, but not limited to title charges, tax prorations, brokers fees, security deposit credits and attorney fees, up to the amount of the Allowed Claim realized from the sale of the property shall be paid to the creditor at the closing of the sale. Pursuant to the Sale Order and this Plan, the payment at closing to the creditor will be in full and final satisfaction of the Allowed Claim. To the extent that any provisions of this Plan conflict with the Sale Order, the Sale Order will control.

Upon the payment under the Plan at the closing of the Sale to the creditor as required by the Plan, all of the liens, security interests and Claims of the creditor shall be deemed released and discharged. Pursuant to the closing of the sale of the property and to the extent requested by the Debtors, once the Allowed Claim is paid as required by the Plan, the creditor shall prepare and file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests. The Bankruptcy Court shall retain jurisdiction to enter a judicial release, should the secured creditor fail to reasonably comply with this provision, or in the alternative compel the secured creditor to comply. Any right of any party under Section 506(c) of the Bankruptcy Code as against the holder of the Allowed Claim or its collateral shall be

-13-

preserved and shall survive Confirmation of the Plan.

**Treatment B**:  Pursuant to Treatment B, the creditor will retain the liens and security interests it had against the Debtors' property as of the Petition Date.  Furthermore, the creditor shall also retain any liens and security interests it acquired against the Debtors' property during the course of this Chapter 11 case pursuant to Orders entered by the Bankruptcy Court.

Pursuant to Treatment B, in full and final satisfaction, release and discharge of Allowed Claims under Treatment B, the Debtors will maintain the property and will list the property for sale, at a price consistent with the market in the area of the property.  The Debtors will have no liability or responsibility for any payments to the creditor during the time that the property is listed for sale.  The property will be listed to be sold and will be sold within one (1) year of the Effective Date.  At the closing of the sale of the property, the creditor will receive in full and final satisfaction, release and discharge of its Allowed Claim, the net proceeds from the sale, after the payment of closing costs, including, but not limited to title charges, tax prorations, brokers fees, security deposit credits and attorney fees, up to the amount of the Allowed Claim. Upon the payment under the Plan, at the closing of the Sale, to the creditor on account of the Allowed Claim as required by the Plan, all of the liens, security interests and Claims of the creditor shall be deemed released and discharged.  Pursuant to the closing of the sale of the property and to the extent requested by the Debtors, once the Allowed Claim is paid as required by the Plan, the creditor shall prepare and file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests.  The Bankruptcy Court shall retain jurisdiction to enter a judicial release, should the creditor fail to reasonably comply with this provision, or in the alternative compel the creditor to comply.  Any right of any

-14-

party under Section 506(c) of the Bankruptcy Code as against the holder of the Allowed Claim or

its collateral shall be preserved and shall survive Confirmation of the Plan. If the property is not

sold within one (1) year of the Effective Date, the Debtors will provide the creditor with a deed

in lieu for the property in full and final satisfaction, release and discharge of the Allowed Claim.

If the Debtors determine they will be unable to sell the property within the one (1) year period,

they may provide the creditor with the deed in lieu prior to that time.

**Treatment C**: The treatment of Allowed Claims under Treatment C allows the creditor

to make an election as to the treatment of the property in which it claims a lien. Pursuant to

Treatment C, the creditor will retain the liens and security interests it had against the Debtors'

property as of the Petition Date. Furthermore, the creditor shall also retain any liens and security

interests it acquired against the Debtors' property during the course of this Chapter 11 case

pursuant to Orders entered by the Bankruptcy Court.

Pursuant to Treatment C, the creditor shall elect one of the two following treatments of its

claim and the property securing its claim: (1) in full and final satisfaction, release and discharge

of Allowed Claims under Treatment C, the Debtors will provide the creditor with a deed in lieu

or a consent foreclosure for the property; by accepting the deed in lieu or consent foreclosure, the

creditor's Allowed Claim will be deemed satisfied; during the period of time which the Debtors

and the creditor will execute the deed in lieu or the consent foreclosure, the Debtors will not be

obligated to make any payments to the creditor; or (2) the Debtors will maintain the property and

will list the property for sale, at a price consistent with the market in the area of the property.

The Debtors will have no liability or responsibility for any payments to the creditor during the

time that the property is listed for sale. The property will be listed to be sold and will be sold

-15-

within six (6) months of the Effective Date. At the closing of the sale of the property, the creditor will receive in full and final satisfaction, release and discharge of its Allowed Claim, the net proceeds from the sale, after the payment of usual and customary closing costs, including, but not limited to title charges, tax prorations, brokers fees, security deposit credits and attorney fees, up to the amount of the Allowed Claim. Upon the payment under the Plan, at the closing of the Sale, to the creditor pursuant to its Allowed Claim, all of the liens, security interests and Claims of the creditor shall be deemed released and discharged. Pursuant to the closing of the sale of the property and to the extent requested by the Debtors, once the Allowed Claim is paid as required by the Plan, the creditor shall prepare and file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests. The Bankruptcy Court shall retain jurisdiction to enter a judicial release, should the creditor fail to reasonably comply with this provision, or in the alternative compel the creditor to comply. Any right of any party under Section 506(c) of the Bankruptcy Code as against the holder of the Allowed Claim or its collateral shall be preserved and shall survive Confirmation of the Plan. If the property is not sold within six (6) months of the Effective Date, the Debtors will provide the creditor with a deed in lieu or consent foreclosure for the property in full and final satisfaction, release and discharge of the Allowed Claim.

If the creditor fails to make the election by the date for submitting ballots in voting on the Plan, the creditor will have been deemed to have elected Option (1).

Should there be multiple mortgage liens on a property and the mortgage holders do not each elect Option (2), Option (1) will be deemed to have been elected and the Debtors will provide a deed in lieu or consent foreclosure to the holder of the first mortgage. All claims of the

-16-

holder of the first mortgage and the holder of the second mortgage against the Debtors will be

deemed satisfied. If the secured creditors each elect Option (2) and the property is sold, the

proceeds from the closing will pay the first mortgage first and then the second mortgage, if funds

are available.

If the creditor elects to accept a consent foreclosure or if under option 2 the property is

not sold within six (6) months and the creditor requests a consent foreclosure instead of a deed in

lieu, the creditor shall complete the consent foreclosure process as soon as practicable but in not

more that one hundred twenty (120) days. The failure to complete the consent foreclosure in a

timely manner will allow the Debtors to provide a deed in lieu instead of a consent foreclosure at

the sole option of the Debtors.

The remaining classes that do not fall into Treatment A, Treatment B or Treatment C and

the treatments for those classes are specified below.

**6.1     Class 1**: Ocwen is the holder of the Allowed Class 1 Claim. Indymac claims a

lien on the real property owned by the Debtors located at 1826 S. Euclid Avenue, Berwyn

Illinois. The Allowed Class 1 Claim will receive Treatment C enumerated above.

**6.2A    Class 2A**: CFS-4 IV LLC is the holder of the Allowed Class 2A Claim. CFS-4

IV LLC claims a lien against the Debtors' property located at 4603 Grove Avenue, Brookfield,

Illinois. CFS-4 IV LLC shall retain the liens and security interests it had against the Debtors'

property as of the Petition Date. Furthermore, CFS-4 IV LLC shall also retain any liens and

security interests it acquired against the Debtors' property during the course of this Chapter 11

case pursuant to Orders entered by the Bankruptcy Court. Any and all defaults shall be

capitalized into the total amount owed to CFS-4 IV LLC. In full and final satisfaction, release

-17-

and discharge of the Allowed Class 2A Claim, the Debtors shall pay CFS-4 IV LLC the amount owed pursuant to the terms of the note between CFS-4 IV LLC and the Debtors at the contract non-default interest rate under that note. The remaining term of the note will be shortened with the new maturity date being February, 2023. The amortization of the loan remains unchanged from the original note and any amounts unpaid as of February, 2023 will be due in a balloon payment on or before February 28, 2023. The Debtors will continue to make monthly interest and principal payments based upon the amortization under the note, as well as an amount equal to 1/12th of the real estate taxes for the property that is subject to the Class 2A Claim. The Debtors also agree to pay to CFS-4IV LLC of $12,500 in full and final satisfaction of all post-petition attorneys fees allegedly incurred by CFS-4IV LLC or its predecessors for its Class 2A Claim and its Class 2B Claim, said amount to be paid on the effective date. CFS-4IV LLC will not be required to file a motion regarding said fees. In the event that Debtors elect to pay the debt in full prior to the maturity date, all unaccrued interest shall be deemed waived and no penalty shall be chargeable to the Debtors. The remaining portions of the current notes and mortgages executed by the Debtors in favor of the predecessor of CFS-4IV LLC regarding the property that is subject to the Class 2A Claim, which do not conflict with the provisions of this Plan, remain in full force going forward. Any and all current defaults under the notes, whether monetary or non-monetary, are hereby waived.

Upon completion of the payments of the amount owed pursuant to the note to CFS-4 IV LLC on account of the Allowed Class 2A Claim as required by the Plan, all of the liens, security interests and Claims of CFS-4 IV LLC shall be deemed released and discharged. To the extent requested by the Debtors, once the Allowed Class 2A Claim is paid as required by the Plan, CFS-

4 IV LLC shall prepare and file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests. Any right of any party under Section 506(c) of the Bankruptcy Code as against CFS-4 IV LLC or its collateral shall be preserved and shall survive Confirmation of the Plan.

CFS-4 IV LLC shall only be entitled to the reimbursement of reasonable attorneys' and professionals' fees and costs arising after Confirmation in the event that the Debtors are in material default of the payments required under the Plan on account of the Allowed Class 2A Claim (which default remains uncured after ten (10) days of the actual receipt of written notice to the Debtors from CFS-4 IV LLC as required by this Plan) and in the further event that the underlying note provides for such fees. In the event of a material default by the Debtors under the Plan with respect to the payment of the Allowed Class 2A Claim, CFS-4 IV LLC shall provide written notice of such default as required by the underlying loan documents as well as to the Debtors by transmitting such default notice by first class mail and telefax to the Debtors to the attention of Richard Hank, 1447 Ashland, River Forest, Illinois 60305, 708-771-3792 ("Default Notice").

**6.2B    Class 2B**: CFS-4 IV LLC is the holder of the Allowed Class 2B Claim. CFS-4 IV LLC claims a lien against the Debtors' property located at 6648 W. 19th St., Berwyn, Illinois. CFS-4 IV LLC shall retain the liens and security interests it had against the Debtors' property as of the Petition Date. Furthermore, CFS-4 IV LLC shall also retain any liens and security interests it acquired against the Debtors' property during the course of this Chapter 11 case pursuant to Orders entered by the Bankruptcy Court. Any and all defaults shall be capitalized into the total amount owed to CFS-4 IV LLC. In full and final satisfaction, release and discharge of the

-19-

Allowed Class 2B Claim, the Debtors shall pay CFS-4 IV LLC the amount owed pursuant to the terms of the note between CFS-4 IV LLC and the Debtors at the contract non-default interest rate under that note over the remaining term of the note. The remaining term of the note will be shortened with the new maturity date being May, 2030. The amortization of the loan remains unchanged from the original note and any amounts unpaid as of May, 2030 will be due in a balloon payment on or before May 31, 2030. The Debtors will continue to make monthly interest and principal payments based upon the amortization under the note, as well as an amount equal to 1/12th of the real estate taxes for the property that is subject to the Class 2B Claim. In the event that Debtors elect to pay the debt in full prior to the maturity date, all unaccrued interest shall be deemed waived and no penalty shall be chargeable to the Debtors. The remaining portions of the current notes and mortgages executed by the Debtors in favor of the predecessor of CFS-4IV LLC regarding the property that is subject to the Class 2B Claim, which do not conflict with the provisions of this Plan, remain in full force going forward. Any and all current defaults under the notes, whether monetary or non-monetary, are hereby waived.

Upon completion of the payments of the amount owed pursuant to the note to CFS-4 IV LLC on account of the Allowed Class 2B Claim as required by the Plan, all of the liens, security interests and Claims of CFS-4 IV LLC shall be deemed released and discharged. To the extent requested by the Debtors, once the Allowed Class 2B Claim is paid as required by the Plan, CFS-4 IV LLC shall prepare and file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests. Any right of any party under Section 506(c) of the Bankruptcy Code as against CFS-4 IV LLC or its collateral shall be preserved and shall survive Confirmation of the Plan.

-20-

CFS-4 IV LLC shall only be entitled to the reimbursement of reasonable attorneys' and professionals' fees and costs arising after Confirmation in the event that the Debtors are in material default of the payments required under the Plan on account of the Allowed Class 2B Claim (which default remains uncured after ten (10) days of the actual receipt of written notice to the Debtors from CFS-4 IV LLC as required by this Plan) and in the further event that the underlying note provides for such fees.   In the event of a material default by the Debtors under the Plan with respect to the payment of the Allowed Class 2B Claim, CFS-4 IV LLC shall provide written notice of such default as required by the underlying loan documents as well as to the Debtors by transmitting a Default Notice as described in Section 6.2A of this Plan.

**6.3     Class 3**: SLS is the holder of the Allowed Class 3 Claim.  SLS claims a lien on the real property owned by the Debtors located at 2936 S. Harlem Avenue, Riverside, Illinois. The Allowed Class 3 Claim will receive Treatment C enumerated above.

**6.4A    Class 4A**: Ocwen is the holder of the Allowed Class 4A Claim.  Ocwen claims a lien on the real property owned by the Debtors located at 4529 Forest Avenue, Brookfield, Illinois.  The Allowed Class 4A Claim will receive Treatment C enumerated above.

**6.4B    Class 4B**: Ocwen is the holder of the Allowed Class 4B Claim.  Ocwen claims a lien on the real property owned by the Debtors located at 4609 S. Grove, Brookfield, Illinois. The Allowed Class 4B Claim will receive Treatment C enumerated above.

**6.4C    Class 4C**: Ocwen is the holder of the Allowed Class 4C Claim.  Ocwen claims a lien on the real property owned by the Debtors located at 2922 S. Harlem, Riverside, Illinois. The Allowed Class 4C Claim will receive Treatment C enumerated above.

**6.4D    Class 4D**: Ocwen is the holder of the Allowed Class 4D Claim.  Ocwen claims a

lien on the real property owned by the Debtors located at 1819 S. Wesley, Berwyn, Illinois. The Allowed Class 4D Claim will receive Treatment C enumerated above.

**6.4E**   **Class 4E**: Ocwen is the holder of the Allowed Class 4E Claim. Ocwen claims a lien on the real property owned by the Debtors located at 3606 S. Clarence, Berwyn, Illinois. The Allowed Class 4E Claim will receive Treatment C enumerated above.

**6.4F**   **Class 4F**: Ocwen is the holder of the Allowed Class 4F Claim. Ocwen claims a lien on the real property owned by the Debtors located at 1932 S. Euclid, Berwyn, Illinois. The Allowed Class 4F Claim will receive Treatment C enumerated above.

**6.4G**   **Class 4G**: Ocwen is the holder of the Allowed Class 4G Claim. Ocwen claims a lien on the real property owned by the Debtors located at 2926 S. Harlem Avenue, Riverside, Illinois. The Allowed Class 4G Claim will receive Treatment C enumerated above. There is also a second mortgage on the 2926 S. Harlem property, the treatment of which is referenced in Section 6.13 of this Plan.

**6.4H**   **Class 4H**: Ocwen is the holder of the Allowed Class 4H Claim. Ocwen claims a lien on the real property owned by the Debtors located at 1826 S. Euclid Avenue, Berwyn, Illinois. The Allowed Class 4H Claim will receive Treatment C enumerated above.

**6.5A**   **Class 5A**: SPS is the holder of the Allowed Class 5A Claim. SPS claims a lien on the real property owned by the Debtors located at 1845 S. Kenilworth, Berwyn, Illinois. The Allowed Class 5A Claim will receive Treatment C enumerated above.

**6.5B**   **Class 5B**: SPS is the holder of the Allowed Class 5B Claim. SPS claims a lien on the real property owned by the Debtors located at 3314 East Avenue, Berwyn, Illinois. The Allowed Class 5B Claim will receive Treatment C enumerated above.

-22-

**6.5C**   **Class 5C**: SPS is the holder of the Allowed Class 5C Claim.  SPS claims a lien on the real property owned by the Debtors located at 1803 S. Kenilworth, Berwyn, Illinois.  The Allowed Class 5C Claim will receive Treatment C enumerated above.

**6.5D**   **Class 5D**: SPS is the holder of the Allowed Class 5D Claim.  SPS claims a lien on the real property owned by the Debtors located at 1926 S. Euclid, Berwyn, Illinois.  The Allowed Class 5D Claim will receive Treatment C enumerated above.

**6.5E**   **Class 5E**: SPS is the holder of the Allowed Class 5E Claim.  SPS claims a lien on the real property owned by the Debtors located at 1619 S. Kenilworth, Berwyn, Illinois.  The Allowed Class 5E Claim will receive Treatment C enumerated above.

**6.5F**   **Class 5F**: SPS is the holder of the Allowed Class 5F Claim.  SPS claims a lien on the real property owned by the Debtors located at 4521 Maple Avenue, Brookfield, Illinois.  The Allowed Class 5F Claim will receive Treatment C enumerated above.

**6.5G**   **Class 5G**: SPS is the holder of the Allowed Class 5G Claim.  SPS claims a lien on the real property owned by the Debtors located at 1818 S. Kenilworth, Berwyn, Illinois.  The Allowed Class 5G Claim will receive Treatment C enumerated above.

**6.5H**   **Class 5H**: SPS is the holder of the Allowed Class 5H Claim.  SPS claims a lien on the real property owned by the Debtors located at 1641 Wesley Avenue, Berwyn, Illinois.  The Allowed Class 5H Claim will receive Treatment C enumerated above.

**6.5I**   **Class 5I**: SPS is the holder of the Allowed Class 5I Claim.  SPS claims a lien on the real property owned by the Debtors located at 76 Kimbark Road, Riverside, Illinois.  The Allowed Class 5I Claim will receive Treatment C enumerated above.

**6.5J**   **Class 5J**: SPS is the holder of the Allowed Class 5J Claim.  SPS claims a second

-23-

mortgage lien on the real property owned by the Debtors located at 41 Forest Gate Circle, Oak

Brook, Illinois. The Allowed Class 5J Claim will receive Treatment B enumerated above. Any

net payout at closing will be paid to the first mortgage lien first and then to the second mortgage

lien. The treatment of the first mortgage lien claim is referenced in Section 6.71 of this Plan.

**6.6A** **Class 6A**: Eastern is the holder of the Allowed Class 6A Claim. Eastern claims a

lien on the real property owned by the Debtors located at 4605 S. Grove St., Brookfield, Illinois.

The Allowed Class 6A Claim will receive Treatment A enumerated above.

**6.6B** **Class 6B**: Eastern is the holder of the Allowed Class 6B Claim. Eastern claims a

lien on the real property owned by the Debtors located at 6432-34 W. 19th St., Berwyn, Illinois.

The Allowed Class 6B Claim will receive Treatment C enumerated above.

**6.6C** **Class 6C**: Eastern is the holder of the Allowed Class 6C Claim. Eastern claims a

lien on the real property owned by the Debtors located at 2840 S. Harlem, Riverside, Illinois,

2834 S. Harlem, Riverside, Illinois and 2830 S. Harlem, Riverside, Illinois. The mortgages on

the three properties are cross-collateralized. Eastern shall retain the liens and security interests it

had against the Debtors' property as of the Petition Date. Furthermore, Eastern shall also retain

any liens and security interests it acquired against the Debtors' property during the course of this

Chapter 11 case pursuant to Orders entered by the Bankruptcy Court. Any and all defaults and

post-petition attorneys fees shall be capitalized into the total amount owed to Eastern.

In full and final satisfaction, release and discharge of the Allowed Class 6C Claim,

commencing on the first day of the first calendar month following the Effective Date and

continuing on the first day of each month thereafter, with the final payment due in the sixtieth

(60th) month ("Payment Period"), the Debtors shall make monthly principal and interest

payments to Eastern, based on the amount of the Allowed Class 6C Claim, amortized over a

thirty (30) year period, with a balloon payment due in the sixtieth (60th) month, at an annual

percentage rate of 5.5%. The Debtors may accelerate payments to Eastern. All unaccrued

interest shall be deemed waived and no penalty shall be chargeable to the Debtors in the event

that the Debtors elect to accelerate payments. The remaining portions of the current notes and

mortgages executed by the Debtors in favor of Eastern regarding the properties that are subject to

the Class 6C Claim, which do not conflict with the provisions of this Plan, remain in full force

going forward. Any and all current defaults under the notes, whether monetary or non-monetary,

are hereby waived. On the Effective Date the Debtors shall pay to Eastern $4,690.00

representing security deposits on buildings being returned to Eastern in Classes 6A and 6B.

Upon completion of the payments under the Plan to Eastern on account of the Allowed

Class 6C Claim as required by the Plan, all of the liens, security interests and Claims of Eastern

shall be deemed released and discharged. To the extent requested by the Debtors, once the

Allowed Class 6C Claim is paid as required by the Plan, Eastern shall prepare and file any and all

documents that may be reasonably necessary to effectuate the termination of such liens and

security interests. Any right of any party under Section 506(c) of the Bankruptcy Code as against

Eastern or its collateral shall be preserved and shall survive Confirmation of the Plan.

Eastern shall only be entitled to the reimbursement of reasonable attorneys' and

professionals' fees and costs arising after Confirmation in the event that the Debtors are in

material default of the payments required under the Plan on account of the Allowed Class 6C

Claim (which default remains uncured after ten (10) days of the actual receipt of written notice to

the Debtors from the holder of the Allowed Class 6C Claim as required by this Plan) and in the

-25-

further event that the underlying note provides for such fees.  In the event of a material default

by the Debtors under the Plan with respect to the payment of the Allowed Class 6C Claim,

Eastern shall provide written notice of such default as required by the underlying loan documents

as well as  to the Debtors by transmitting a Default Notice as described in Section 6.2A of this

Plan.

Since the three properties that are the subject of the Allowed Class 6C Claim are cross-

collateralized, should the Debtors choose to sell or refinance any of the properties, the payoff

amount of the mortgage held by Eastern against each of the properties shall be up to the total

amount of the Allowed Class 6C Claim, however shall not exceed $350,000 on the 2830 S.

Harlem Property and $600,000.00 on the 2834 and 2840 S. Harlem properties.

This Plan shall supersede and replace the terms and conditions of the loan documents

establishing the Allowed Class 6C Claim.

**6.7A   Class 7A**: ASC is the holder of the Allowed Class 7A Claim.  ASC claims a lien

on the real property owned by the Debtors located at 2131 Grove Avenue, Berwyn, Illinois.  The

Allowed Class 7A Claim will receive Treatment C enumerated above.

**6.7B   Class 7B**: ASC is the holder of the Allowed Class 7B Claim.  ASC claims a lien

on the real property owned by the Debtors located at 1945 S. Oak Park Avenue, Berwyn, Illinois.

The Allowed Class 7B Claim will receive Treatment C enumerated above.

**6.7C   Class 7C**: ASC is the holder of the Allowed Class 7C Claim.  ASC claims a lien

on the real property owned by the Debtors located at 1615 Winding Oaks Way, Unit 203, Naples

Florida.  The Allowed Class 7C Claim will receive Treatment C enumerated above.

**6.7D   Class 7D**: ASC is the holder of the Allowed Class 7D Claim.  ASC claims a lien

-26-

on the real property owned by the Debtors located at 3755 Jungle Plum Drive East, Naples, Florida. The Allowed Class 7D Claim will receive Treatment C enumerated above.

**6.7E    Class 7E**: ASC is the holder of the Allowed Class 7E Claim. ASC claims a lien on the real property owned by the Debtors located at 1811 S. Kenilworth, Berwyn, Illinois. The Allowed Class 7E Claim will receive Treatment C enumerated above.

**6.7F    Class 7F**: ASC is the holder of the Allowed Class 7F Claim. ASC claims a lien on the real property owned by the Debtors located at 1801 S. Kenilworth, Berwyn, Illinois. The Allowed Class 7F Claim will receive Treatment C enumerated above.

**6.7G    Class 7G**: ASC is the holder of the Allowed Class 7G Claim. ASC claims a lien on the real property owned by the Debtors located at 1834 S. Kenilworth, Berwyn, Illinois. The Allowed Class 7G Claim will receive Treatment C enumerated above.

**6.7H    Class 7H**: ASC is the holder of the Allowed Class 7H Claim. ASC claims a lien on the real property owned by the Debtors located at 1822 S. Oak Park Avenue, Berwyn, Illinois. The Allowed Class 7H Claim will receive Treatment C enumerated above.

**6.7I    Class 7I**: ASC is the holder of the Allowed Class 7I Claim. ASC claims a lien on the real property owned by the Debtors located at 41 Forest Gate Circle, Oak Brook, Illinois. The Allowed Class 7I Claim will receive Treatment B enumerated above. There is also a second mortgage on the 41 Forest Gate Circle property, the treatment of which is referenced in Section 6.5J of this Plan. Any net payout at closing will be paid to the first mortgage lien first and then to the second mortgage lien.

**6.8A    Class 8A**: Nationstar is the holder of the Allowed Class 8A Claim. Nationstar claims a lien on the real property owned by the Debtors located at 1846 S. Oak Park Avenue,

Berwyn, Illinois. The Allowed Class 8A Claim will receive Treatment A enumerated above.

**6.8B    Class 8B**: Nationstar is the holder of the Allowed Class 8B Claim. Nationstar

claims a lien on the real property owned by the Debtors located at 2930 S. Harlem Avenue,

Riverside, Illinois. Nationstar shall retain the liens and security interests it had against the

Debtors' property as of the Petition Date. Furthermore, Nationstar shall also retain any liens and

security interests it acquired against the Debtors' property during the course of this Chapter 11

case pursuant to Orders entered by the Bankruptcy Court. Any and all defaults shall be

capitalized into the total amount owed to Nationstar.

In full and final satisfaction, release and discharge of the Allowed Class 8B Claim,

commencing on the first day of the month following the Effective Date and continuing on the

first day of each month thereafter, with the final payment due on September 1, 2045 ("Payment

Period"), the Debtors shall make monthly principal and interest payments to Nationstar, based on

the amount of the Allowed Class 8B Claim amortized over the life of the loan at an annual

percentage rate of 5.0%. The Debtors shall also make monthly payment for the escrow of real

estate taxes in the amount of 1/12th of the annual real estate taxes. The Debtors will also

maintain insurance on the property. The Debtors may accelerate payments to the holder of the

Allowed Class 8B Claim. All unaccrued interest shall be deemed waived and no penalty shall be

chargeable to the Debtors in the event that the Debtors elect to accelerate payments.

Upon completion of the payments under the Plan to Nationstar on account of the Allowed

Class 8B Claim as required by the Plan, all of the liens, security interests and Claims of

Nationstar shall be deemed released and discharged. To the extent requested by the Debtors,

once the Allowed Class 8B Claim is paid as required by the Plan, Nationstar shall prepare and

-28-

file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests. Any right of any party under Section 506(c) of the Bankruptcy Code as against Nationstar or its collateral shall be preserved and shall survive Confirmation of the Plan.

Nationstar shall only be entitled to the reimbursement of reasonable attorneys' and professionals' fees and costs arising after Confirmation in the event that the Debtors are in material default of the payments required under the Plan on account of the Allowed Class 8B Claim (which default remains uncured after ten (10) days of the actual receipt of written notice to the Debtors from the holder of the Allowed Class 8B Claim as required by this Plan) and in the further event that the underlying note provides for such fees. In the event of a material default by the Debtors under the Plan with respect to the payment of the Allowed Class 8B Claim, Nationstar shall provide written notice of such default as required by the underlying loan documents as well as to the Debtors by transmitting a Default Notice as described in Section 6.2A of this Plan.

This Plan shall supersede and replace the terms and conditions of the loan documents establishing the Allowed Class 8B Claim.

**6.9A    Class 9A**: Chase is the holder of the Allowed Class 9A Claim. Chase claims a lien on the real property owned by the Debtors located at 8450 Gleneagle Way, Naples, Florida. The Allowed Class 9A Claim will receive Treatment C enumerated above.

**6.9B    Class 9B**: Chase is the holder of the Allowed Class 9B Claim. Chase claims a lien on the real property owned by the Debtors located at 4529 Maple, Brookfield, Illinois. The Allowed Class 9B Claim will receive Treatment B enumerated above.

**6.9C** **Class 9C**: Chase is the holder of the Allowed Class 9C Claim. Chase claims a lien on the real property owned by the Debtors located at 3024 S. Harlem, Riverside, Illinois. The Allowed Class 9C Claim will receive Treatment C enumerated above.

**6.9D** **Class 9D**: Chase is the holder of the Allowed Class 9D Claim. Chase claims a lien on the real property owned by the Debtors located at 6529 W. 16th Street, Berwyn, Illinois. In full and final satisfaction of the Class 9D Claim, the Debtors will pay to Chase $4,951.53 on the Effective Date. Upon completion of the payment under the Plan to Chase on account of the Allowed Class 9D Claim as required by the Plan, all of the liens, security interests and Claims of Chase shall be deemed released and discharged. Once the Allowed Class 9D Claim is paid as required by the Plan, Chase shall prepare and file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests.

**6.9E** **Class 9E**: Chase is the holder of the Allowed Class 9E Claim. Chase claims a lien on the real property owned by the Debtors located at 1921 S. Clinton, Berwyn, Illinois. The Allowed Class 9E Claim will receive Treatment B enumerated above.

**6.9F** **Class 9F**: Chase is the holder of the Allowed Class 9F Claim. Chase claims a lien on the real property owned by the Debtors located at 88 Kimbark Road, Riverside, Illinois. The Allowed Class 9F Claim will receive Treatment B enumerated above.

**6.9G** **Class 9G**: Chase is the holder of the Allowed Class 9G Claim. Chase claims a lien on the real property owned by the Debtors located at 1931 East Avenue, Berwyn, Illinois. The Allowed Class 9G Claim will receive Treatment B enumerated above.

**6.9I** **Class 9H**: Chase is the holder of the Allowed Class 9H Claim. Chase claims a lien on the real property owned by the Debtors located at 324 E. Burlington St., Riverside,

Illinois.  The Allowed Class 9H Claim will receive Treatment B enumerated above.

     **6.10**    **Class 10**: Wells Fargo is the holder of the Allowed Class 10 Claim.  Wells Fargo

claims a lien against the Debtors' residence located at 1447 Ashland Avenue, River Forest,

Illinois.  Wells Fargo shall retain the liens and security interests it had against the Debtors'

property as of the Petition Date.  Furthermore, Wells Fargo shall also retain any liens and security

interests it acquired against the Debtors' property during the course of this Chapter 11 case

pursuant to Orders entered by the Bankruptcy Court.  Any and all defaults shall be cured by the

Debtors in twelve (12) equal monthly installments payable on the first of each month beginning

in the first month after the Effective Date.  In full and final satisfaction, release and discharge of

the Allowed Class 10 Claim, the Debtors shall pay Wells Fargo the amount owed pursuant to the

terms of the note between Wells Fargo and the Debtors at the contract non-default interest rate

under that note over the remaining term of the note.  The Debtors may accelerate payments to the

holder of the Allowed Class 10 Claim.  All unaccrued interest shall be deemed waived and no

penalty shall be chargeable to the Debtors in the event that the Debtors elect to accelerate

payments.

     Upon completion of the payments under the Plan to Wells Fargo on account of the

Allowed Class 10 Claim as required by the Plan, all of the liens, security interests and Claims of

Wells Fargo shall be deemed released and discharged.  To the extent requested by the Debtors,

once the Allowed Class 10 Claim is paid as required by the Plan, Wells Fargo shall prepare and

file any and all documents that may be reasonably necessary to effectuate the termination of such

liens and security interests.  Any right of any party under Section 506(c) of the Bankruptcy Code

as against Wells Fargo or its collateral shall be preserved and shall survive Confirmation of the

Plan.

Wells Fargo shall only be entitled to the reimbursement of reasonable attorneys' and professionals' fees and costs arising after Confirmation in the event that the Debtors are in material default of the payments required under the Plan on account of the Allowed Class 10 Claim (which default remains uncured after ten (10) days of the actual receipt of written notice to the Debtors from the holder of the Allowed Class 10 Claim as required by this Plan) and in the further event that the underlying note provides for such fees.  In the event of a material default by the Debtors under the Plan with respect to the cure payment regarding the Allowed Class 10 Claim, Wells Fargo shall provide written notice of such default as required by the underlying loan documents as well as to the Debtors by transmitting a Default Notice as described in Section 6.2A of this Plan.  The remaining portions of the current note and mortgage executed by the Debtors in favor of Wells Fargo regarding the property that is subject to the Class 10 Claim, which do not conflict with the provisions of this Plan, remain in full force going forward.  Any and all current defaults under the notes, whether monetary or non-monetary, are hereby waived.

**6.11    Class 11**: Bayview is the holder of the Allowed Class 11 Claim.  Bayview claims a first mortgage lien on the real property owned by the Debtors located at 3707 Jungle Plum Drive West, Naples, Florida.  The Debtors have entered into a contract to sell the property for $500,000.00, the sale of which Bayview has preliminarily approved, pending further information and Bankruptcy Court approval.  Pursuant to the agreement with Bayview regarding the sale, Bayview will retain the liens and security interests it had against the Debtors' property as of the Petition Date.  Furthermore, Bayview shall also retain any liens and security interests it acquired against the Debtors' property during the course of this Chapter 11 case pursuant to Orders

-32-

entered by the Bankruptcy Court.

Pursuant to the agreement with Bayview, the property in which Bayview claims a lien, shall be sold. The net proceeds from the sale, after payment of closing costs, including, but not limited to title charges, real estate taxes, tax prorations, brokers fees, security deposit credits and attorney fees, shall be paid to Bayview and the second mortgage holder, Fay, in an amount to be agreed to between Bayview and Fay, at the closing of the sale. The payment at closing to Bayview will be in complete and total satisfaction of the Allowed Class 11 Claim.

Upon the payment under the Plan at the closing of the sale to Bayview on account of the Allowed Class 11 Claim as required by the Plan, all of the liens, security interests and Claims of Bayview shall be deemed released and discharged. Pursuant to the closing of the sale of the property and to the extent requested by the Debtors, once the Allowed Class 11 Claim is paid as required by the Plan, Bayview shall prepare and file any and all documents that may be reasonably necessary to effectuate the termination of such liens and security interests. The Bankruptcy Court shall retain jurisdiction to enter a judicial release, should Bayview fail to reasonably comply with this provision, or in the alternative compel Bayview to comply. Any right of any party under Section 506(c) of the Bankruptcy Code as against the holder of the Allowed Class 11 Claim or its collateral shall be preserved and shall survive Confirmation of the Plan.

Should Bayview and Fay fail to agree to the sale of the property, the Debtors will surrender the property to Bayview and Fay in full and complete satisfaction of their respective Allowed Class 11 and 12 Claims.

6.12    **Class 12**: Fay is the holder of the Allowed Class 12 Claim. Fay claims a second

-33-

mortgage lien on the real property owned by the Debtors located at 3707 Jungle Plum Drive

West, Naples, Florida. The Debtors have entered into a contract to sell the property for

$500,000.00, the sale of which Fay has preliminarily approved, pending further information and

Bankruptcy Court approval. Pursuant to the agreement with Fay regarding the sale, Fay will

retain the liens and security interests it had against the Debtors' property as of the Petition Date.

Furthermore, Fay shall also retain any liens and security interests it acquired against the Debtors'

property during the course of this Chapter 11 case pursuant to Orders entered by the Bankruptcy

Court.

Pursuant to the agreement with Fay, the property in which Fay claims a lien, shall be sold.

The net proceeds from the sale, after payment of closing costs, including, but not limited to title

charges, real estate taxes, tax prorations, brokers fees, security deposit credits and attorney fees,

shall be paid to Bayview on its first mortgage and Fay in amounts to be agreed to between

Bayview and Fay, at the closing of the sale. The payment at closing to Fay will be in complete

and total satisfaction of the Allowed Class 12 Claim.

Upon the payment under the Plan at the closing of the sale to Fay on account of the

Allowed Class 12 Claim as required by the Plan, all of the liens, security interests and Claims of

Fay shall be deemed released and discharged. Pursuant to the closing of the sale of the property

and to the extent requested by the Debtors, once the Allowed Class 12 Claim is paid as required

by the Plan, Fay shall prepare and file any and all documents that may be reasonably necessary to

effectuate the termination of such liens and security interests. The Bankruptcy Court shall retain

jurisdiction to enter a judicial release, should Bayview fail to reasonably comply with this

provision, or in the alternative compel Bayview to comply. Any right of any party under Section

-34-

506(c) of the Bankruptcy Code as against the holder of the Allowed Class 12 Claim or its collateral shall be preserved and shall survive Confirmation of the Plan.

Should Bayview and Fay fail to agree to the sale of the property, the Debtors will surrender the property to Bayview and Fay in full and complete satisfaction of their respective Allowed Class 11 and 12 Claims.

**6.13A  Class 13A**: Green Tree is the holder of the Allowed Class 13A Claim.  Green Tree claims a lien on the real property owned by the Debtors located at 12180 Toscana Way, Unit 203, Bonita Springs, Florida.  The Allowed Class 13A Claim will receive Treatment B enumerated above.

**6.13B  Class 13B**: Green Tree is the holder of the Allowed Class 13B Claim.  Green Tree claims a second mortgage lien on the real property owned by the Debtors located at 2926 S. Harlem Avenue, Riverside, Illinois.  The Allowed Class 13B Claim will receive Treatment C enumerated above.  There is also a first mortgage on the 2926 S. Harlem property, the treatment of which is referenced in Section 6.4G.

**6.14  Class 18**: Unsecured Creditors, are the holders of Allowed Class 18 Claims and are impaired under the Plan.  In full satisfaction, settlement, release, and discharge of and in exchange for each and every Allowed Class 18 Claim, each holder of an Allowed Class 18 Claim shall be paid its pro rata share from a pot of $328,714.66, in quarterly payments over a period of forty-eight (48) months, as funds are available, beginning with the first payment on the first day of the calendar quarter following the Effective Date, and on the first day of each quarter thereafter, from the cash on hand of the Debtors and from cash generated from the continuing operations of the Debtors or the sale of the Debtors' properties.

-35-

**6.15 <u>Class 19</u>:** The B.J. Hank Trust 1 is the holder of the Allowed Class 19 Claim. In full satisfaction, settlement, release, and discharge of and in exchange for the Allowed Class 19 Claim, the holder of the Allowed Class 19 Claim shall be paid its claim in the same pro rata percentage as is paid to the Allowed Class 18 Claims, however the payments to the holder of the Allowed Class 19 Claim shall be paid, in quarterly payments over a period of forty-eight (48) months, as funds are available, beginning with the first payment on the first day of the calendar quarter following the final payment made to Allowed Class 18 Claims pursuant to the Plan, and on the first day of each quarter thereafter, from the cash on hand of the Debtors and from cash generated from the continuing operations of the Debtors or the sale of the Debtors' properties. The delay in payment of the Class 19 Allowed Claim is limited to the terms of the Plan.

**ARTICLE VII**

**IMPLEMENTATION OF PLAN**

**7.1**     Upon Confirmation, the Debtors shall be vested with their assets, subject only to the terms and conditions of this Plan. The Debtors shall be entitled to continue to operate their business and manage their business and financial affairs without further Order of this Court as set forth in the Plan.

**7.2**     Upon Confirmation, an injunction under Section 524 of the Bankruptcy Code shall arise to prevent any party from foreclosing its lien or security interest in any assets of the Debtors or otherwise enforcing claims against the Debtors and their assets except in a manner provided for under the terms and conditions of this Plan. Such injunction shall not affect any secured creditor's right to foreclose upon any security interest provided in the Plan in the event of any post-Confirmation default under this Plan. This injunction shall remain in full force and

effect to prevent said actions until all distributions have been made in accordance with the terms and conditions of the Plan.

7.3      After Confirmation of the Plan, the Debtors will operate their business in the ordinary course. Payments to creditors pursuant to the Plan will be made from funds realized from continued business operations and from existing cash deposits. If necessary, the Debtors may borrow funds sufficient to pay the balance of the Allowed Claims in Classes 2A, 2B, 6C, 8B and 10 as required by the Plan, as the mortgages come due, or on such earlier date as the Debtors may elect at their sole and exclusive option. The Debtors shall also have the right to refinance any real property owned by the Debtors to obtain funds to pay any Allowed Claims in Classes 2A, 2B, 6C, 8B and 10.

7.4      Except as set forth in a prior order of the Bankruptcy Court approving any settlement with any secured creditor, the Debtors will have the right to make any distribution to creditors earlier than required by the Plan, without penalty. The Debtors shall also retain the option with respect to each of their properties to provide a deed in lieu to the mortgage holder, at any time, in full and final satisfaction of all claims arising pursuant to the loan documents of that mortgagee with respect to said property.

7.5      The Plan is self-executing. Except as expressly set forth in the Plan or in a prior order of the Bankruptcy Court approving any settlement with any secured creditor, the Debtors shall not be required to execute any newly created documents to evidence the Claims, liens or terms of repayment to the holder of any Allowed Claim. The terms of this Plan will exclusively govern payments to creditors and any other rights of creditors as against the Debtors and their property. Based upon the proofs of claims filed in this Chapter 11 Case, no creditors are entitled

-37-

to deficiency claims.  Furthermore, upon the completion of the payments required under this Plan

to the holders of Allowed Claims, such Claims, and any liens that may support such Claims, shall

be deemed released and discharged.

      **7.6**     The Debtors shall have the right, power and authority after Confirmation to

commence any preference, fraudulent conveyance or other litigation they deem appropriate.  The

Bankruptcy Court shall retain jurisdiction for such litigation.  The Debtors are currently unaware

of any litigation claims.

      **7.7**     The holders of Allowed Claims in Classes 2A, 2B, 6A-C, 7I, 8B, 9D, 9E, 9G, 10

and 13A may be asserting various Claims for reimbursement of fees and expenses they incurred

or paid to professionals retained in this Chapter 11 case.  To the extent that any creditor is

asserting a Claim(s) for reimbursement from the Debtors for professionals retained in this

Chapter 11 case which Claims remain unresolved, such secured creditors shall file a motion with

the Bankruptcy Court for allowance of professional fees, with a full and complete itemization of

services rendered and expenses incurred by each such professional within forty-five (45) days of

Confirmation of this Plan.  The Debtors shall have the right to object to any such motion and the

Bankruptcy Court expressly reserves jurisdiction to hear any matters relating thereto.  In the

event that any secured creditor fails to timely file a motion as set forth herein, such fees and

expenses shall be deemed waived, released and discharged, such secured creditor shall be barred

from asserting such fees and expenses and such secured creditor shall be entitled to no

distribution or payment on account of such fees and expenses.  If a motion is filed and the

expenses and costs are allowed, the creditors filing said motions shall have no recourse against

the Debtors personally and shall only be able to surcharge their collateral with the allowed

amount of the fees and expenses.

7.8     Any and all statutory fees coming due to the United States Trustee shall

be paid by the Debtors in a timely manner until a final decree is entered in this Chapter 11 case.

7.9     Notice of any defaults under the terms of this Plan, prior to the entry of a final

decree, shall be provided, by mail and by facsimile, to the Debtors' counsel, Jeffrey C. Dan,

Crane, Heyman, Simon, Welch & Clar, 135 S. LaSalle, Suite 3705, Chicago, Illinois 60603,

(312) 641-7114

## ARTICLE VIII

## EXECUTORY CONTRACTS

8.1     All executory contracts and unexpired leases which exist between the Debtors and

any other party, whether such executory contract be in writing or oral, which has not been

previously assumed, assigned, rejected or otherwise terminated by the Debtors shall be deemed

assumed as of Confirmation of this Plan pursuant to Sections 365 and 1123(b)(2) of the

Bankruptcy Code.

8.2     Any and all Claims asserted by any party arising from the rejection of executory

contracts and unexpired leases pursuant to this Plan or otherwise must be filed on or within thirty

(30) days following Confirmation.  The Debtors shall provide thirty (30) days notice for the

rejection of any executory contracts or unexpired leases.  Further, with respect to Claims for

default relating to any unexpired lease or executory contract that is deemed assumed pursuant to

the Plan, any and all such Claims must also be filed on or within thirty (30) days following

Confirmation.  Allowed Claims emanating from the rejection of unexpired leases and executory

-39-

contracts will be treated as Class 18 Claims. Allowed Claims for default emanating from the

assumption of unexpired leases and executory contracts will be treated as Administrative Claims.

Any person failing to file such a Claim within the time provided herein shall be forever barred

from asserting such Claim and shall not receive any distribution under this Plan.

      **8.3**    The provisions set forth herein shall be equally applicable to executory contracts

and unexpired leases of real and personal property.

## ARTICLE IX

## BANKRUPTCY COURT'S RETENTION OF JURISDICTION

      **9.1**    The Bankruptcy Court shall retain jurisdiction after Confirmation to: (i) hear and

determine applications for fees and allowances for professional persons; (ii) supervise the

implementation of this Plan; (iii) hear and determine objections to Claims filed in this Chapter 11

case; (iv) hear and determine applications for the assumption, assignment and/or rejection of

executory contracts; (v) hear and determine all adversary proceedings or contested matters

whether filed before or after Confirmation; (vi) resolve disputes regarding interpretation of this

Plan; (vii) allow Administrative Claims; (viii) enter Orders to further consummation of the Plan;

(ix) approve modification of the Plan upon motions brought before the Bankruptcy Court in

accordance with Section 1127 of the Bankruptcy Code; (x) hear and determine all applications

and motions pending before the Bankruptcy Court on the date of Confirmation or such other

matters as are commenced after Confirmation of the Plan; (xi) enter any order, including

injunctions, necessary to enforce title, rights and powers of the Debtors, and to impose such

limitations, restrictions, terms and conditions of such title, rights and powers as may be necessary; (xii) enforce terms of Plan; (xiii) hear and determine all matters brought by the Debtors under Article VII, Section 7.6 of this Plan; (xiv) hear and determine all matters brought under Article VII, Section 7.7 of this Plan; (xv) enter an Order concluding and terminating this Chapter 11 case.; (xvi) enter judicial deeds and releases should any creditor fail to provide the documents necessary to transfer any properties or release any mortgages and liens; and (xvii) hear and determine any and all matters brought before the Bankruptcy Court by the Debtor after Confirmation.


## ARTICLE X

## SATISFACTION OF LIENS AND DISCHARGE

**10.1**    The provisions of the confirmed Plan shall bind all creditors and other parties in interest, whether or not such persons accept the Plan.  The distributions provided under the Plan shall be in exchange for and in complete satisfaction and release of all liens and Claims against the Debtors and Debtors' Estate and any of the assets or properties owned by the Debtors.  Any creditors that hold valid liens, will retain their liens as described in the treatment of the claims, until the property is sold and the proceeds provided to the creditor, the property is deeded to the creditor, a consent foreclosure is completed or the lien is released otherwise pursuant to the terms of this Plan. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on and after Confirmation, all holders of Claims shall be precluded from asserting any lien or Claim against the Debtors or their property.

**10.2**    Except as otherwise provided in the Plan or the Confirmation Order, the

-41-

Confirmation of the Plan shall discharge the Debtors from all Claims, demands, liabilities, other

debts and Interests that arose on or before the Confirmation Date, and all debts of the kind

specified in Section 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (A) a proof

of Claim or Interest based on such debt or Interest is filed or deemed filed pursuant to Section

501 of the Bankruptcy Code, (B) a Claim or Interest based on such debt or Interest is allowed

pursuant to Section 502 of the Bankruptcy Code, or (C) the holder of a Claim or Interest based on

such debt or Interest has accepted the Plan.   This provision of the Plan is intended to include the

full breadth of the discharge provided for and permitted under Section 1141 of the Bankruptcy

Code and the Debtors shall seek to have the discharge entered as of the completion of the

payments to unsecured creditors in Class 18 pursuant to Section 1141(d)(5)(A).

## ARTICLE XI

## INTEREST AND PENALTIES

**11.1**    Except as otherwise provided herein, or required by the Bankruptcy Code, no

interest or penalties accruing on or after November 19, 2014, shall be paid on any Allowed Claim

nor shall any creditor claiming any such interest or penalty be entitled to have its Claim for

interest or penalty allowed for payment pursuant to the Plan.

## ARTICLE XII

## CONFIRMATION OF PLAN UNDER
## SECTION 1129(b) OF THE BANKRUPTCY CODE

**12.1**    To the extent necessary, pursuant to Section 1129(b) of the Bankruptcy Code, the

Debtor intends to request that the Bankruptcy Court confirm the Plan if all applicable

-42-

requirements of Section 1129(a) of the Bankruptcy Code, other than Section 1129(a)(8), are met.

## ARTICLE XIII

## UNCLAIMED PROPERTY

**13.1**    In the event that any distribution made to a claimant by the Debtors under this

Plan remains unclaimed sixty (60) days after such distribution is made, this distribution shall

become property of the Debtors and shall not be recouped by any claimant in subsequent

distributions.  Once the distribution becomes "unclaimed" under this provision of the Plan, the

claimant shall forfeit any and all legal and equitable right to such distribution and the proceeds

thereof.

## ARTICLE XIV

## CLAIMS OBJECTIONS

**14.1**    Except as otherwise ordered by the Bankruptcy Court, the Debtors shall file any

and all objections to the allowance of Claims on or within a hundred and twenty (120) days after

the Effective Date unless extended by Order of the Bankruptcy Court.  Cause shall not be a

requirement for an extension of this deadline.

## ARTICLE XV

## DISPUTED CLAIMS

**15.1**    No distribution shall be made to the holders of disputed Claims until the dispute is

resolved either by agreement or by Order of the Bankruptcy Court.  Distributions to the holders

-43-

of Allowed Claims shall not be held back pending resolution of disputed Claims. However, in

the event a distribution is made to the holders of Allowed Claims in a given Class of Claims

under the Plan before all disputed Claims in such Class have been resolved, sufficient funds shall

be held back to pay the pro rata share due the holders of disputed Claims in such Class in the

event the dispute is resolved against the Debtors.

## ARTICLE XVI

## RETENTION OF CAUSES OF ACTION

**16.1** The Debtors shall retain any and all claims and causes of action they have against

third parties. Such claims and causes of action shall survive and be unaffected by Confirmation

of this Plan. Any funds realized from such retained claims and causes of action shall be property

of the Debtors and shall be paid to the holders of Allowed Claims only to the extent expressly

required by the Plan.

## ARTICLE XVII

## GENERAL PROVISIONS

**17.1**  **Rules of Construction.** The rules of construction applicable to the Bankruptcy

Code and the Bankruptcy Rules are applicable to this Plan.

**17.2**  **Definitions.** A term used in the Plan that is not defined in the Plan but that is

used in the Bankruptcy Code or the Bankruptcy Rules has the meaning assigned to that term in

the Bankruptcy Code or the Bankruptcy Rules.

**17.3**  **Amendment and Modification.** The Debtors may alter, amend or modify the

-44-

Plan before or after Confirmation in accordance with the applicable provisions of the Bankruptcy Code.

17.4     **Severability.** Should any provision of this Plan be determined to be unenforceable, such determination shall not impair, limit or otherwise affect the enforceability of any other provision of this Plan.

17.5     **Successors and Assigns.** The rights and obligations of any person or entity referred to in this Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of any such person or entity.

17.6     **Headings.** The headings of the Articles, paragraphs and sections of this Plan are inserted for convenience only and shall not affect the interpretation therein.

17.7     **Effect of Appeals.** Unless the Confirmation Order is stayed pending appeal, the Debtors may consummate this Plan notwithstanding the pendency of an appeal from the Confirmation Order, or the timely service of the filing of a Motion under Bankruptcy Rules 7052, 8002(b), 8002(c), 8003, 8015, 9023 or 9024.

17.8     **Computation of Time.** Unless expressly provided otherwise in this Plan, in computing any period of time prescribed or allowed by this Plan, the provisions of Rule 9006(a) of the Bankruptcy Rules shall apply.

17.9     **Insurance Preservation.** Nothing in the Plan, including any releases, shall diminish or impair the enforceability of any policies of insurance that may cover any claims against the Debtors or any other person.

17.10   **Assignment of Licenses and Insurance.** Any and all licenses of the Debtors and any and all insurance policies, contracts, rights and coverages shall be deemed assigned to and

-45-

for the benefit of the Debtors upon Confirmation of the Plan

    **17.11  Terms Binding**.  On the Effective Date, all provisions of the Plan, including all

agreements, instruments and other documents filed in accordance with the Plan and executed by

the Debtors in connection with the Plan, shall be binding upon the Debtors, all creditors  and

shareholders and all other entities that are affected in any manner by the Plan.  All agreements,

instruments and other documents filed in connection with Plan shall have full force and effect,

and shall bind all parties thereto as of the Final Confirmation Order.

    **17.12  Inconsistencies**.  In the event that there is any inconsistency between the Plan and

Disclosure Statement, any exhibit to the Plan or other instrument or document created or

executed pursuant to the Plan, the Plan shall govern.

    **17.13  Compliance With Applicable Law**.  It is intended that the provisions of the Plan

(including the implementation thereof) shall be in compliance with all applicable laws and any

rules and regulations promulgated thereunder.  If the Debtors conclude that the Plan may not

comply with applicable law, then in such event the Debtors intend to amend the Plan in such

respect as it deems necessary to bring the Plan into compliance therewith.

    **17.14  Tax Consequences**.  At this time, it is uncertain as to what tax consequences, if

any, may exist under the Plan with respect to the Debtors.

                  Respectfully Submitted,

                  Richard and Joan Hank,
                  Debtors/Debtors-in-Possession,

                  By: /s/Jeffrey C. Dan
                      One of their attorneys

**DEBTORS' COUNSEL**:
Eugene Crane (Atty. No. 0537039)
Arthur G. Simon (Atty. No. 03124481)
Jeffrey C. Dan (Atty. No. 06242750)
Brian P. Welch (Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777
FAX: (312) 641-7114